IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECT FITNESS SOLUTIONS, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. |
| DIRECT FITNESS SOLUTIONS, LLC | ) | |
| | ) | *Document electronically filed.* |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiff Direct Fitness Solutions, L.L.C. ("Plaintiff"), by and through counsel, hereby files this Complaint for trademark infringement against Direct Fitness Solutions, LLC ("Defendant"). Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for federal unfair competition pursuant to 15 U.S.C. § 1125(a) ("Count I"), violations of the Illinois Uniform Deceptive Trade Practice Act pursuant to 815 Ill. Comp. Stat. 510 ("Count II"), and trademark infringement and unfair competition under Illinois common law ("Count III"), based on Defendant's use of Plaintiff's DIRECT FITNESS SOLUTION mark.

### PARTIES

2.      Plaintiff Direct Fitness Solutions, L.L.C. is an Illinois limited liability company with its principal place of business at 600 Tower Road, Mundelein, Illinois 60060.

3.      On information and belief, Defendant Direct Fitness Solutions, LLC is a Florida limited liability company with its principal place of business at 21238 Via Fiore, Boca Raton, Florida 33433.

## JURISDICTION

4.     This Court has subject matter jurisdiction over Count I of this action, a claim arising under federal trademark law, pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

## FACTUAL BACKGROUND

5.     Plaintiff provides fitness centers with fitness equipment and related services, including equipment design and layout services, delivery and installation, audio visual services, preventative maintenance, and support services, throughout the United States, including in Florida.

6.     Plaintiff has marketed its products and services under its distinctive DIRECT FITNESS SOLUTIONS mark for nearly 20 years.  Plaintiff has marketed its products and services under its DIRECT FITNESS SOLUTIONS mark in connection with sales in Florida since at least as early as 2004.

7.     Plaintiff has invested a significant amount of time and money promoting, popularizing, and protecting its trademark over those years and, as such, has built up a significant amount of goodwill associated with its name and trademark.

8.     Upon information and belief, Defendant also provides fitness installation and repair or maintenance services that are substantially similar or identical to Plaintiff's products and services.

9.     Upon information and belief, in or around, at the earliest, July 2013 Defendant began providing and marketing these products and services, identical to those provided by Plaintiff, under and in connection with the DIRECT FITNESS SOLUTIONS mark, years after

Plaintiff had used and built up a significant amount of goodwill in its DIRECT FITNESS SOLUTIONS mark. Upon information and belief, Defendant was well aware of Plaintiff's use of the DIRECT FITNESS SOLUTIONS mark, as even a simple google search would have immediately brought Plaintiff's mark to Defendant's attention.

10. Plaintiff recently learned of Defendant and its use of Plaintiff's DIRECT FITNESS SOLUTIONS mark.

11. Plaintiff sent Defendant a letter on May 16, 2017, and again on June 13, 2017, informing Defendant that its use of the DIRECT FITNESS SOLUTIONS mark constituted trademark infringement and unfair competition, and has no doubt caused and would continue to cause confusion among customers as Defendant is using the exact same mark associated with the exact same services as Plaintiff. Plaintiff requested Defendant immediately cease and desist using the DIRECT FITNESS SOLUTIONS mark.

12. Defendant has not complied with Plaintiff's requests to stop using the DIRECT FITNESS SOLUTIONS mark. Plaintiff's customers and potential customers likely have been and will be confused about the origin of Defendant's products and services or an association between Plaintiff and Defendant, when none exists, because Defendant is using the exact same mark associated with the exact same services as Plaintiff. Defendant's use of the DIRECT FITNESS SOLUTIONS mark has caused, and will continue to cause, damage and irreparable injury to Plaintiff.

**COUNT I – FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)**

13. The allegations of preceding paragraphs 1 through 12 are realleged and incorporated by reference as if fully set forth herein.

14.     Plaintiff has marketed its products and services under its distinctive DIRECT FITNESS SOLUTIONS mark for nearly 20 years and has thus acquired common law rights in, and built up a significant amount of goodwill associated with, the DIRECT FITNESS SOLUTIONS mark.

15.     Defendant's use of the exact same DIRECT FITNESS SOLUTIONS mark in the exact same channels of trade as Plaintiff has caused and will continue to cause a likelihood of confusion, as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's products or services by Plaintiff, in violation of 15 U.S.C. § 1125(a).

16.     Defendant has deliberately persisted in its infringing use of the DIRECT FITNESS SOLUTIONS mark despite its knowledge of Plaintiff's rights in the DIRECT FITNESS SOLUTIONS mark and knowledge of the likelihood of consumer confusion by at least May 16, 2017, and, upon information and belief, from the time that Defendant began using Plaintiff's mark.  As such, Defendant's infringement and violation of 15 U.S.C. § 1125(a) is willful, making this an exceptional case under 15 U.S.C. § 1117.

17.     Defendant, by way of its infringing use of an identical mark to Plaintiff's DIRECT FITNESS SOLUTIONS mark, has caused and continues to cause Plaintiff to suffer damages in an amount to be determined, and has caused and is causing Plaintiff irreparable harm in the form of at least lost market share and loss of goodwill.  Plaintiff has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from using its DIRECT FITNESS SOLUTIONS mark, Plaintiff will continue to suffer irreparable harm.

18.     Plaintiff is entitled to recover from Defendant damages at least in an amount adequate to compensate for Defendant's infringement, which amount has yet to be determined.

**COUNT II – DECEPTIVE TRADE PRACTICES UNDER 815 ILL. COMP. STAT. 510/2**

19.     The allegations of preceding paragraphs 1 through 18 are realleged and incorporated by reference as if fully set forth herein.

20.     Defendant has engaged in deceptive trade practices in violation of 815 Ill. Comp. Stat. 510/2 by, in the course of its business, causing a likelihood of confusion and misunderstanding as to the source, sponsorship, or approval of its products and services by Plaintiff, and as to the affiliation, connection, or association of Defendant with Plaintiff.

21.     Defendant, by way of its infringing use of Plaintiff's DIRECT FITNESS SOLUTIONS mark, has caused and continues to cause Plaintiff to suffer damages in an amount to be determined, and has caused and is causing Plaintiff irreparable harm in the form of at least lost market share and loss of goodwill.  Plaintiff has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from using its DIRECT FITNESS SOLUTIONS mark, Plaintiff will continue to suffer irreparable harm.

22.     Defendant has deliberately persisted in its infringing use of the DIRECT FITNESS SOLUTIONS mark despite its knowledge of Plaintiff's rights in the DIRECT FITNESS SOLUTIONS mark and knowledge of the likelihood of consumer confusion by at least May 16, 2017, and, upon information and belief, from the time that Defendant began using Plaintiff's mark.  As such, Defendant's infringement and violation of 815 Ill. Comp. Stat. 510/2 is willful, warranting an assessment of costs and/or attorneys' fees against Defendant.

**COUNT III –ILLINOIS COMMON LAW TRADEMARK INFIRNGEMENT AND UNFAIR COMPETITION**

23.     The allegations of preceding paragraphs 1 through 22 are realleged and incorporated by reference as if fully set forth herein.

24.     Plaintiff has marketed its products and services under its distinctive DIRECT FITNESS SOLUTIONS mark for nearly 20 years and has thus acquired common law rights in, and built up a significant amount of goodwill associated with, the DIRECT FITNESS SOLUTIONS mark.

25.     Defendant's use of the exact same DIRECT FITNESS SOLUTIONS mark in the exact same channels of trade as Plaintiff has caused and will continue to cause a likelihood of confusion, as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's products or services by Plaintiff, constituting infringement and unfair competition under Illinois common law.

26.     Defendant has deliberately persisted in its infringing use of the DIRECT FITNESS SOLUTIONS mark despite its knowledge of Plaintiff's rights in the DIRECT FITNESS SOLUTIONS mark and knowledge of the likelihood of consumer confusion by at least May 16, 2017, and, upon information and belief, from the time that Defendant began using Plaintiff's mark.  As such, Defendant's infringement is willful.

27.     Defendant, by way of its infringing use of an identical mark to Plaintiff's DIRECT FITNESS SOLUTIONS mark, has caused and continues to cause Plaintiff to suffer damages in an amount to be determined, and has caused and is causing Plaintiff irreparable harm in the form of at least lost market share and loss of goodwill.  Plaintiff has no adequate remedy at law against Defendant's acts of infringement and, unless Defendant is enjoined from using its DIRECT FITNESS SOLUTIONS mark, Plaintiff will continue to suffer irreparable harm.

28.     Plaintiff is entitled to recover from Defendant damages at least in an amount adequate to compensate for Defendant's infringement, which amount has yet to be determined.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment as follows:

A.     A judgment that Defendant's use of the DIRECT FITNESS SOLUTIONS mark infringes and has infringed Plaintiff's rights in the DIRECT FITNESS SOLUTIONS mark in violation of 15 U.S.C. § 1125(a);

B.     A judgment that Defendant engages in and has engaged in deceptive trade practices by using the DIRECT FITNESS SOLUTIONS mark in violation of 815 Ill. Comp. Stat. 510/2;

C.     A judgment that Defendant's use of the DIRECT FITNESS SOLUTIONS mark infringes and has infringed, and constitutes unfair competition, in violation of Illinois common law.

D.     An order preliminarily and permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents, affiliates, and all others acting in concert or privity with any of them from using the DIRECT FITNESS SOLUTIONS mark, or any colorable form thereof, in connection with fitness related products and services;

E.     An order, in accordance with 15 U.S.C. § 1116, requiring Defendant to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

F.      An order, pursuant to 15 U.S.C. § 1118, that Defendant deliver up and destroy, or show proof of destruction of, all articles, products, displays, circulars, letterhead, business cards, literature, materials, labels, signs, prints, packages, wrappers, receptacles, and advertisements bearing the DIRECT FITNESS SOLUTIONS mark, and delete any and all electronic uses of the DIRECT FITNESS SOLUTIONS mark under Defendant's control or under Defendant's authorization, including on electronic information, computer files, or websites;

G.      An award of damages to Plaintiff to which it is entitled under 15 U.S.C. § 1117, 815 Ill. Comp. Stat. 510/1 *et seq.*, and Illinois common law for Defendant's past infringement, unfair competition, and/or deceptive trade practices and any continuing or future infringement, unfair competition, and/or deceptive trade practices up until the date Defendant is finally and permanently enjoined from further use of the DIRECT FITNESS SOLUTIONS mark, including compensatory damages;

H.      An award to Plaintiff of pre- and post-judgment interest on its damages;

I.      An award to Plaintiff of treble and/or enhanced damages under 15 U.S.C. § 1117 and other applicable statutes or law for Defendant's willful and intentional infringement;

J.      A declaration that this case is exceptional and an award to Plaintiff of its reasonable costs and expenses in this action, including reasonable attorneys' fees under 15 U.S.C. § 1117, 815 Ill. Comp. Stat. 510/1 *et seq*., and other applicable statutes or laws, including interest; and

K.      An award to Plaintiff of such other and further relief as this Court may deem just and proper.

Dated:  July 19, 2017                    Respectfully submitted,

                                         /s/  Patrick J. Arnold Jr.
                                         Patrick J. Arnold Jr. (No. 6203666)
                                         Katherine E. Ramlose (No. 6321349)
                                         **McANDREWS, HELD & MALLOY, LTD.**
                                         500 West Madison Street, Suite 3400
                                         Chicago, Illinois 60661
                                         Telephone: (312) 775-8000

                                         *Attorneys for Plaintiff,*
                                         **Direct Fitness Solutions, L.L.C.**